UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| AMER SPORTS WINTER & OUTDOOR COMPANY, a Delaware Corporation, | : : : | |
| Plaintiff, | : : | |
| v. | : : | File No. 1:12-cv-186-jgm |
| SIDNEY KASTNER, | : : | |
| Defendant. | : : | |

RULING ON DEFENDANT'S MOTION TO DISMISS
AND MOTION TO AMEND MOTION TO DISMISS
(Docs. 4, 7)

I. Introduction

In this declaratory judgment action commenced in September 2012, Plaintiff Amer Sports Winter & Outdoor Company ("Amer Sports") asserts non-infringement and invalidity of certain patents owned by Defendant Sidney Kastner ("Kastner"). (Doc. 1.) Kastner moves to dismiss for lack of personal jurisdiction[1] (Doc. 4) and, subsequently, to amend his motion to dismiss to assert the defense of improper venue (Doc. 7) under Federal Rules of Civil Procedure 12(b)(2) and (3). Amer Sports opposes both motions. (Docs. 5, 8.) For the following reasons, Defendant's motions are denied.

II. Background

In considering a motion to dismiss on jurisdictional grounds under Rule 12(b)(2), the plaintiff's jurisdictional allegations are assumed to be true and disputed facts are construed in plaintiff's favor for purposes of the motion. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d

---

[1] Kastner did not file a certificate of service with the motion as required by Federal Rule of Civil Procedure 5. See Fed. R. Civ. P. 5(a)(1)(D), (d)(1). In the future, the Court expects Kastner will comply with the federal and local rules of civil procedure.

194, 197 (2d Cir. 1990). Accordingly, the following facts are assumed to be true for purposes of the pending motion. See Doc. 1.

Plaintiff Amer Sports, a Delaware corporation with its principal place of business in Ogden, Utah, makes and sells footwear with retractable studs and/or cleats.

Defendant Kastner is alleged to be the owner of U.S. Patent No. 5,634,283 for "Resilient, all-surface sole" issued June 3, 1997, and U.S. Patent No. 6,915,595 for "Resilient, all-surface soles for footwear" issued July 12, 2005. Kastner is alleged to reside at 24 Upper Judson Lane, Stowe, Vermont. Amer Sports seeks a declaratory judgment that its Salomon branded shoe products do not infringe Kastner's patents and that the patents are limited in scope.

Amer Sports also submits complaints filed in this Court involving Kastner. In a May 2007 patent infringement amended complaint filed by Kastner, he asserted he "is a resident of the State of Vermont, owning his home at 24 Upper Judson Lane, Stowe, Vermont." (Doc. 5-1 at 3.) In a September 2008 declaratory judgment complaint, Kastner was a defendant alleged, upon information and belief, to be "a Canadian citizen with a residence at 24 Upper Judson Lane, Stowe, Vermont." (Doc. 5-2 at 2.) In his October 2008 answer to that complaint, Kastner admitted the allegation and also brought a counterclaim. (Doc. 5-3 at 2.)

The first case proceeded in this Court for almost a year until the parties filed a stipulation for dismissal with prejudice. See Stipulation for Dismissal (Doc. 57), Kastner v. Joneric Prods., Inc., No. 1:07-cv-51 (Feb. 8, 2008). The second case proceeded to judgment against Kastner -- this Court was affirmed on appeal by the Federal Circuit -- and concluded on April 3, 2012, with the taxation of costs against Kastner. See Chet's Shoes, Inc. v. Kastner, 1:08-cv-197 (Sept. 18, 2008).[2]

---

[2] The Court notes Kastner also filed a pro se suit against "Chet's Safety Supply" on September 17, 2008, which he voluntarily moved to dismiss in May 2009, in light of the pending litigation brought by Chet's Shoes. His complaint stated he "is a resident of the State of Vermont,

Amer Sports further submits an affidavit and documents from the Stowe land records demonstrating the 1997 transfer by Warranty Deed of 24 Upper Judson Lane, Stowe, Vermont to a Canadian corporation of which Kastner is a director. (Docs. 5-4, 5-5, 5-6.). The affidavit also states the property has not been transferred since 1997. (Doc. 5-5 ¶ 4.) Amer Sports served Kastner in Canada. (Doc. 4 at 1 n.1.)

III.  Discussion

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing the court has jurisdiction over a defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996); Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp., 921 F. Supp. 1206, 1209 (D. Vt. 1996). The nature of a plaintiff's obligation regarding the type of showing it must make to defeat a defendant's claim that a court lacks personal jurisdiction over it varies depending on the procedural posture of the litigation. Ball, 902 F.2d at 196-97. Prior to discovery, a plaintiff defeats a Rule 12(b)(2) motion when it makes "good faith, legally sufficient allegations of jurisdiction." Shovah v. Mercure, 879 F. Supp. 2d 416, 423 (D. Vt. 2012) (internal quotation marks and citation omitted). At this juncture, Amer Sports "need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Ben & Jerry's, 921 F. Supp. at 1209 (citation omitted). Absent an evidentiary hearing on the jurisdictional allegations, "all pleadings and affidavits are construed in the light most favorable to plaintiff." Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985). Here, Kastner has not requested an evidentiary hearing.

---

having a residence at 24 Upper Judson Lane, Stowe, Vermont." Complaint ¶ 1, Kastner v. Chet's Safety Supply, No. 1:08-cv-195 (Sept. 17, 2008).

3

Applying the framework to the facts as alleged in this action, the Court finds Amer Sports has alleged good faith, legally sufficient allegations of personal jurisdiction over Kastner. The Court therefore denies Kastner's motion to dismiss. Kastner supports his motion with an affidavit[3] in which he avers he is a Canadian resident and attaches a copy of his Canadian driver's license.[4] (Docs. 4-1, 4-2.) Amer Sports responds by identifying additional jurisdictional facts through exhibits and an affidavit. See Doc. 5 and Exs. In addition to the prior actions in this Court, Plaintiff submits an affidavit and documents from the Stowe land records demonstrating current ownership of 24 Upper Judson Lane, Stowe, Vermont by a Canadian corporation of which Kastner is a director. Because this is a motion to dismiss filed in advance of discovery without an evidentiary hearing, "at this preliminary stage the plaintiff's prima facie showing may be established solely by allegations." James Maroney, Inc. v. Flury & Co., Ltd., No. 05:09-cv-252, 2010 WL 3322920, at *4 (D. Vt. May 28, 2010).

Accordingly, notwithstanding Amer Sports' discussion of Vermont's long-arm statute[5] in its opposition (Doc. 5 at 3-4) or Kastner's presentation of contrary material in his affidavit (Doc. 6), at this time prior to jurisdictional discovery, the Court credits Amer Sports' allegation and supporting material that Kastner is a Vermont resident. That allegation is a sufficient prima facie showing of

---

[3] The December 14, 2012 Affidavit is signed by a notary public who states his or her commission expired February 10, 2012. In the future, the Court expects Kastner will submit only properly notarized documents.

[4] The Court notes section 293 of title 35 of the United States Code provides for jurisdiction over a non-United States patent holder. Section 293 states, in pertinent part: "if no person has been designated [to be served process], the United States District Court for the District of Columbia shall have jurisdiction . . . . The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." 35 U.S.C. § 293.

[5] By definition, a long-arm statute applies to assertions of personal jurisdiction over non-residents of a forum. See generally Black's Law Dictionary 953 (7th ed. 1999).

jurisdiction by this Court. Kastner's motion to dismiss for lack of personal jurisdiction (Doc. 4) is denied.[6]

Kastner also moves to amend his motion to dismiss to add a defense of improper venue, relying on Federal Rule of Civil Procedure 15. Federal Rule of Civil Procedure 12(g) requires a defendant consolidate most Rule 12(b) defenses in a single pre-answer motion. Here, Kastner filed his original motion to dismiss arguing lack of personal jurisdiction under Rule 12(b)(2) and then -- over a month later and after Amer Sports' opposition to the motion to dismiss was submitted -- filed a second motion seeking to amend his prior motion to dismiss to add the defense of improper venue under Rule 12(b)(3). (Doc. 7.) Kastner makes no explanation for his failure to include the defense of improper venue in the original motion to dismiss. See Doc. 7. His reliance on Rule 15 is also misplaced as that rule applies to amendment of pleadings, i.e., a complaint or an answer, not motions. See Fed. R. Civ. P. 15. He also did not file a reply in further support of the motion following Plaintiff's opposition. In these circumstances, the Court is not inclined to grant the motion to amend. Even if the Court did allow the amendment, Kastner would not prevail as Amer Sports has alleged proper venue based on 28 U.S.C. § 1391(b), see Doc. 1 ¶ 6, which includes authorizing venue in the judicial district in which the defendant resides. See 28 U.S.C. § 1391(b)(1). Given the Court's holding regarding Kastner's residence in Vermont, it would be inconsistent to grant a motion to dismiss based on the defense of improper venue at this time where only a prima facie showing is required. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (stating where the court relies on pleadings and affidavits, "the plaintiff need only make a prima

---

[6] Kastner's challenge to the Court's exercise of personal jurisdiction is premature since he seeks to dispute Amer Sports' allegations of jurisdictional facts rather than assume their truth, as required when bringing a motion under Rule 12. See Ball, 902 F.2d at 197.

5

facie showing of venue") (citation omitted). Accordingly, Kastner's motion to amend his motion to dismiss (Doc. 7) is denied.

V.      Conclusion

For the reasons stated, because Plaintiff Amer Sports Winter & Outdoor Company has made a sufficient showing at this time that the Court has personal jurisdiction over Kastner, the Court denies Defendant Sidney Kastner's Motion to Dismiss (Doc. 4). Further, the Court denies Kastner's Motion to Amend his Motion to Dismiss (Doc. 7). Kastner shall file an answer to the complaint by April 18, 2013. The parties shall consult and, within forty-five days after the answer is filed, jointly prepare and file a proposed discovery schedule. See D. Vt. L.R. 26(a).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of March, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge